Guam Territorial Library.

**IN THE SUPERIOR COURT OF GUAM**

**SMALL CLAIMS DIVISION**

FILED
SUPERIOR COURT
OF GUAM
2012 DEC 31 PM 12: 59
CLERK OF COURT

AON RISK SERVICES,      )

           Plaintiff,      )

vs.      )

MIN JUNG C. SPARKS,      )

           Defendant.      )

_____ )

Small Claims Case No. SD 6246-12

**DECISION AND ORDER**

**INTRODUCTION**

This matter came for bench trial before the Honorable Alberto E. Tolentino, Magistrate Judge, on the 5th and 26th day of October, 2012. Plaintiff AON Risk Services was represented by its full-time employee, Joseph K. Benavente, AON Insurance Micronesia/Accounts Receivables. Defendant Min Jung C. Sparks appeared *pro se*. After the bench trial, the Court took the matter under advisement. After having reviewed the evidence and the applicable law, the Court now issues its Decision and Order.

**BACKGROUND**

The essential facts ascertained in this case are that on or about July 28, 2008, Plaintiff issued to Defendant a renewal of a commercial automobile policy from Century Insurance Company (Guam) Limited which was effective from the date the original policy expired, to wit: June 4, 2008, and which would expire on June 4, 2009. The premium due for the renewal was $2,205.00. On or about October 29, 2008, Plaintiff issued a Notice of Cancellation of the policy on the basis of the non-payment of the premium; and that the cancellation would be effective November 12, 2008.

On November 12, 2008, Plaintiff asserts that its' collections staff was called by the Defendant and informed that she had just received the cancellation letter but that she asked that the policy not be

1

cancelled. Furthermore, Defendant allegedly indicated that she would be in to make a payment. On February 17, 2009, Plaintiff's records indicated that Defendant was again contacted about the outstanding premium. Defendant appears to have indicated that she had problems collecting from her customer and that she would like Plaintiff to call again to determine how much she will be able to pay. It does not appear that the parties discussed anything further on the matter until April, 2012. Defendant testified that she had no recollection of the alleged conversations with Plaintiff's employees. Plaintiff filed the instant action in small claims on July 24, 2012.

In addition to this claim, Plaintiff sued the Defendant for the recovery of the premiums due for the renewal of policies for general liability and workers' compensation and two separate wage bonds. At trial, however, evidence was presented that Defendant had communicated with the Plaintiff that these policies be cancelled because she was informed by the Department of Labor that the company had reached its quota and would not have been able to conduct the business for which the policies were needed. The Court found that Plaintiff did cancel the policies as of the date of inception; and regards the contract as mutually rescinded. Therefore, the Defendant is not liable for the premiums.

Before trial on the matter, Defendant submitted her assertion that she did not sign any papers to renew the automobile insurance policy because she was in the process of closing down the company in whose name the policies were issued. She further asserts that the claim of the Plaintiff for the premiums due is time-barred because Plaintiff's claim arose on June 4, 2008, but that the Plaintiff failed to file the instant lawsuit until July 24, 2012. Pursuant to Title 7 Guam Code Annotated section 11303, actions upon any contract, obligation or liability founded on an instrument in writing must be brought within four (4) years.

The Court informed the parties that it would take Defendant's arguments under advisement but that it would also proceed with the trial.

2

## DISCUSSION

As indicated above, the only issue before the Court is Defendant's liability to the Plaintiff for the premium due on the automobile policy. However, before the Court can proceed it must pass on the arguments raised by the Defendant that the Plaintiff is barred from pursuing its claim by operation of the statute which provides that the period prescribed for the commencement of an action is four years if based on an action upon any contract, obligation or liability founded upon an instrument in writing. 7 GCA § 11303(a).

The statute of limitations normally does not begin to run until there has been a breach of the contract being sued upon. *See* 7 GCA § 11101 ("Civil actions, without exception, can only be commenced within the periods prescribed in this Chapter, *after the cause of action shall have accrued*, unless where, in special cases, a different limitation is prescribed by law."). A cause of action accrues when a suit may be maintained thereon, and the statute of limitations begins to run at that time. *Record Machine & Tool Co. v. Pageman Holding Corp.*, 172 Cal.App.2d 164, 174-175, 342 P.2d 402 (Cal. Dist.Ct. App. 1959)(citations omitted).

The preliminary issue that must first be determined then is whether there was even a contract between the Plaintiff and Defendant. It appears that Plaintiff sent to the Defendant a Policy Declaration for the renewal of the automobile insurance policy. The Declaration stated that it was issued on July 28, 2008; and that the effective date of the policy was 4:00 p.m. on June 4, 2008, and that it would expire on June 4, 2009, at 4:00 p.m. The Declaration further declared that the premium for the policy was $2,205.00. This communication did not indicate *when* the premium was due nor did it specifically indicate that it was for the renewal of the automobile policy already under the Defendant's name. However, Defendant presented an invoice she had received from the Plaintiff which was dated June 30, 2008, and which further declared that it was for the renewal of the commercial automobile insurance

3

policy and effective June 4, 2008, and expiring on June 4, 2009. The invoice indicated the premium due was $2,205.00 and a 2% government levy of $13.00 for a total of $2,218.00. It further stated that the balance was due on June 30, 2008.

At trial, neither party disputed that this invoice was for the renewal of the policy which was to have expired on June 4, 2008. However, the Defendant has argued that she never accepted or agreed to the policy's renewal. She claims that she never signed any agreement or any document that acknowledged her consent to the renewal of the policy; nor did she ever pay the premium owed for the policy. By the same token, no evidence was introduced at trial that demonstrated Defendant's unequivocal request to not renew or even cancel the automobile insurance policy.

A binding contract of renewal must have all the essentials of a valid contract, thus a renewal cannot be effected or consummated without the mutual assent of the parties and a new consideration. 44 C.J.S. *Insurance* § 551 (2012)(citations omitted). In the absence of a request for renewal or an express acceptance thereof, there must be an effective insurance contract only if its existence may be inferred from the conduct of the parties. *Id. See also Royal Insurance Co. v. Western Casualty Ins. Co.*, 444 N.W.2d 846 (Minn.Ct.App. 1989).

The "delivery of a policy by the insurer to the insured upon the expiration of a policy without request by the insured is an offer which must be accepted by the insured before the contract of insurance is effective." *Milwaukee Mutual Ins. Co., v. Butler*, 615 F.Supp. 491, 496 (D.Ind., S.D. Ind.1985)(citation omitted)(The mere receipt of a renewal certificate is not enough to demonstrate that the policy was renewed when payment of the premium was recited as the consideration and there was no intention to pay the required premium.). "The unsolicited delivery of a renewal policy prior to the expiration of the original policy, as in this case, is not an acceptance, but an offer, and no contract of renewal is created unless acceptance by the insured is expressly made or necessarily inferred."

4

*Preferred Risk Ins. Co. v. Central Surety & Ins. Corp.*, 191 F.Supp 797, 802 (D.Ark. 1961). However, this does not mean that the payment of the premium is required before an insurance contract can become effective. *Id.* It is only one factor to be considered, and the determination of a case depends upon the facts, including prior course of conduct between the insured and the insurance company, as well as the actions of the insured after receiving the unsolicited renewal policy. *Id.*

In this case, the evidence was not clear whether the written communication to the Defendant by the Plaintiff of the renewal of the commercial automobile policy was received prior to the expiration date of June 4, 2008 for the previous policy. Neither party produced the original correspondence that the Court assumes would have accompanied the Policy Declarations and Invoice. It appears to be equally arguable that these documents represent either the Plaintiff's offer to renew the expiring policy or the notification of the automatic renewal of the policy at the end of the previous policy. None of the documents submitted to the Court for consideration indicate that the renewal policy was expressly made contingent upon the formal express approval by the Defendant. The Court could not find any language or provision within the policy itself, which was provided by the Plaintiff, which addressed the issue of renewal, automatic or otherwise.

The Court does observe that the statutes governing mandatory automobile insurance may give rise to the conclusion that the policy was automatically renewed. *See* 16 GCA §§19101 *et seq. and* 21101 *et seq.* Specifically, Guam law states:

> *Renewal* or to *renew* means the issuance and delivery by an insurer of a policy superseding at the end of the policy period a policy previously issued and delivered by the same insurer, such renewal policy to provide types and limits of coverage at least equal to those contained in the policy being superseded, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term with types and limits of coverage at least equal to those contained in the policy being extended . . .

5

16 GCA § 21101(b)(emphasis in original). However, "[n]o cancellation or refusal to renew by an insurer of a policy of automobile insurance shall be effective unless the insurer shall deliver or mail, to the named insured at the address shown in the policy, a written notice of the cancellation or refusal to renew." 16 GCA § 21105. The purpose of mandatory automobile liability insurance is to "guarantee adequate protection for victims of car accidents who are injured in Guam or who are injured while riding in motor vehicles which are operated in Guam." 16 GCA §19101. To this end, "[e]ach owner of a motor vehicle which is required to be registered in Guam shall maintain the insurance required by this Chapter. This insurance shall be in effect continuously during the motor vehicle's period of registration." 16 GCA §19102.

The Court believes that these provisions have the effect of requiring that a motor vehicle is continuously covered by liability insurance and, importantly, that said coverage is renewed unless terminated either by request of the insured or by notice to the insured by the insurer of intent to not renew or to cancel. Thus, notwithstanding the lack of an expressed acceptance of the renewed policy or lack of an expressed rejection of the policy, or the failure to pay the premium up-front; the Plaintiff-insurer would have been obligated to provide coverage to the Defendant-insured in the event of an accident.

In any event, the Court finds upon the credible evidence presented that the Defendant had communicated her assent to the renewal of the policy or acceptance of an offer to renew the policy. Plaintiff presented evidence of telephone records maintained by the collections staff which show that Defendant communicated with them shortly after receiving the notice of cancellation for failure to pay the premium. The employee who took the called was also present and testified to the conversation that took place. She stated that the Defendant called to inform them that she had received the cancellation letter but had asked not to cancel the policy and that she (Defendant) would be in to make a payment.

6

Defendant did not deny that she made the call; she did, however, admit that she could not recall the conversation. There was at least one other telephone conversation with a collections employee in Plaintiff's record; however, that individual was not available to testify.

In addition, the Defendant testified that she had received the proof of insurance card that was issued for the renewal policy. Upon questioning it was determined that Defendant, sometime in December 2008, had used the card to register one of the vehicles covered by the renewal policy. It would seem odd that Defendant would utilize the insurance card to prove coverage as mandated by law but assert that she did not consent to the insurance coverage evidenced by it. The Court will not presume that the Defendant engaged in subterfuge warranting action upon a serious violation of law. *See generally*, 16 GCA §§ 19101 *et seq.*

Thus, finding a valid contract for the renewal of the commercial automobile policy the Court concludes that the Defendant's present performance of her obligation to pay the premium arose and that her failure to pay is a breach of the contract. Plaintiff was therefore entitled to cancel the insurance policy and did so at least on or after November 12, 2008, and had until at least November 12, 1012 to file suit. This small claims action was filed on July 12, 2012, and within the statute of limitations of four years prescribed by 7 GCA §11303(a).

There was one other argument the Defendant advanced to escape the finding that she accepted the renewal of the insurance policy. Defendant relies on the provision of Guam law which states:

> No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this Chapter, unless the same is contained in some writing, signed by the party to be charged thereby.

7 GCA § 11412. Defendant argues that she did not make any promises nor did she sign any papers to renew the insurance policy at issue. However, the Defendant's reliance on this provision to disprove assent to or acceptance of the underlying renewal of the insurance contract is misplaced. This provision

7

of law applies to either of the following circumstances: (1) where a claim is already barred by the applicable statute of limitations and the claimant asserts that, because of a promise made by the debtor to make a payment on the original debt or of an acknowledgment of the fact of the original debt, he or she is entitled to file an action to collect on the debt by way of a new cause of action; or (2) wherein the claimant, after the obligation is due but before the statute of limitations has run, is relying upon a defendant's acknowledgment of or promise to pay the debt to extend or revitalize the old debt for another period of the statute of limitations for bringing an action. *See Southern Pacific Co. v. Prosser*, 122 Cal. 413, 416, 55 P. 145 (Cal. 1898). In either case, the statute requires that such acknowledgment or promise be in writing and signed by the party to be charged thereby.

This provision was based an earlier version of California Civil Code section 360. California case law interpreting that statute is persuasive authority. *Cf. Zurich Ins. (Guam), Inc. v. Santos*, 2003 Guam 23 ¶ 7. As stated by the Supreme Court of Guam, "California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *People v. Hall*, 2004 Guam 12 ¶ 18.". *Id.*; *see also Holmes v. Territorial Land Use Comm'n.*, 1998 Guam 8 ¶ 6 (observing that "since Guam's mandamus statutes were adopted from the California Civil Code, California cases applying the mandamus standard are persuasive authority"); *and Ueda v. Bank of Guam*, 2005 Guam 23 ¶ 16 n.7 (finding "California case law [is] persuasive authority in the interpretation of Title 21 GCA § 1254, as that section was derived from California Civil Code § 711").

In reference to section 360 of the California Civil Code, the California Supreme Court has stated that:

> There are two ultimate facts that may be proved in the mode prescribed – a continuing contract, and a new contract. The acknowledgment or promise made while the contract is a subsisting liability establishes a continuing contract; and when made after the bar of the statute, a new contract is created.

*McCormick v. Brown*, 36 Cal. 180, 184, 1868 WL 833 (Cal. 1868). In that case, the plaintiff obtained a judgment for money in 1852 and in 1863, the defendant promised, in writing, to pay the whole of said

8

judgment in gold coin. *McCormick*, 36 Cal. at 183. The plaintiff filed suit to collect the money due in June, 1866. *Id.* The trial court found that the 1863 writing was an acknowledgment of the debt and thus, the defendant could be pursued for its collection. *Id.* at 183-184. However, the Supreme Court of California disagreed and reversed. *Id.* The court indicated that it was dealing with an alleged acknowledgment made after the statute of limitations had run on the original obligation and held that the acknowledgment referred to in the statute must be a direct, distinct, unqualified, and unconditional admission of the debt which the party is liable and willing to pay and that the 1863 letter was not of such character. *Id.* at 185-186. (citations omitted).

Part of the court's opinion discussed the correlation between section 360 and the statute of limitations applicable to actions upon a judgment and upon a contract, obligation or liability founded upon an instrument in writing. *Id.* at 184-185. The court stated:

> When the creditor sues, after the statute has run upon the original contract, his cause of action is not the original contract, for his cause of action thereupon is barred, but it is the new promise. . .the action is sustainable only upon the new promise, the original contract, or the moral obligation arising thereupon, binding *in foro conscientœ*, notwithstanding the bar of the statute, being the consideration for the new promise. The thirty-first section [section 360] is not an exception to the seventeenth [statute of limitations] – is not of the nature of a proviso to that section – like the disability clauses; but it provides the manner in which the original contract may be continued, or a new promise made. Within what time must the judgment creditor, relying on the new promise, sue? The answer, we think, would be unanimous that the action must be brought within four years of the making of the new promise. . . the creditor cannot recover after the statute has run upon the original contract or obligation without proving the new promise.

*Id.* at 185. (italics in original)(emphasis added).

The other aspect of section 360 pertaining to the concept of "a continuing contract" was demonstrated in another case wherein the plaintiff filed an action to foreclose on a chattel mortgage given to secure the promissory note of the defendant. *Southern Pacific Co. v. Prosser*, 122 Cal. 413, 55 P. 145 (Cal. 1898). The complaint had been filed more than four years after the maturity date of the

note, and the superior court held the action was barred by the statute of limitations. However, the appellate court reversed and the California Supreme Court agreed that the plaintiff successfully produced a document, signed by the defendant two years after the promissory note was due but within the four year statute of limitations, which was sufficient under section 360 to establish the debt to which the contract relates, as a continuing contract, and to interrupt the running of the statute of limitations against the same. *Id.* at 415. The court found that the letter was an unqualified admission of an existing debt which defendant desired to pay and also a request for leave to pay in a manner more convenient to the writer than that provided in the original contract. *Id.* It further explained:

> When a debtor makes a new promise before an action is barred upon the original contract, he does not make himself liable a second time for the same debt, and the old promise is not merged in the new; he merely continues his original liability for a longer term. In other words, he merely waives so much of the period of limitations as has run in his favor. But when his legal obligation is at an end by reason of the lapse of the full period of limitation or of a discharge in bankruptcy, a new promise creates a new obligation and is itself the basis of the action.

*Id.* at 417. As such, neither the underlying obligation nor the lien represented by the mortgage were barred by the statute of limitations. *Id.* at 418.

As can be seen by the discussion above, section 11412 of 7 Guam Code Annotated has no application to the facts or issues of this case. The court believes that Defendant mistakenly assumed that operation of that statute forecloses a finding of mutual assent to enter into a contract; however, if this view were so, there would be no way a valid contract could ever be found in the oral agreement of parties.

Therefore the Court concludes that upon the evidence presented at the trial on the matter that the commercial automobile insurance policy between Plaintiff and Defendant was renewed. That the Defendant's duty to perform her part of the contract, that is, to pay the premium, had arisen but that she failed to do so and that Plaintiff was therefore entitled to cancel the contract and sue for the premiums

10

owed. The Court further finds that the small claims lawsuit was not barred by the applicable statute of limitations.

## CONCLUSION

Based upon the foregoing, the Court finds the Defendant liable to the Plaintiff for the payment of the premium due for the renewed commercial automobile policy and judgment will be entered accordingly.

**SO ORDERED** this 31st day of December, 2012.

**ALBERTO E. TOLENTINO, Magistrate Judge**
**Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.

DEC 31 2012

Jesse C. Franquez
Deputy Clerk, Superior Court of Guam

11